JUDGE SWEET

08 CV 3688

Adam T. Klein (AK 3293)
Piper Hoffman (PH 4990)
Tara Lai Quinlan (TQ 0717)
OUTTEN & GOLDEN LLP
3 Park Ave., 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005
Email: atk@outtengolden.com
Email: ph@outtengolden.com
Email: tlq@outtengolden.com

Rachel Geman (RG 0998)
LIEFF, CABRASER, HEIMANN &
  BERNSTEIN, LLP
780 Third Avenue, 48th Floor
New York, NY 10017-2024
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
Email: rgeman@lchb.com

APR 17 2008
U.S.D.C. S.D.N.Y.
CASHIERS

*Attorneys for Plaintiff and Class Members*
*[additional counsel on signature page]*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL DANIELI, on behalf of himself and those similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>        Defendant. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF FAIR LABOR STANDARDS ACT, EMPLOYEE RETIREMENT INCOME SECURITY ACT, AND CALIFORNIA STATE LAW; CLAIMS FOR DAMAGES, RESTITUTION AND INJUNCTIVE RELIEF**<br><br>**COLLECTIVE AND CLASS ACTION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Michael Danieli ("Plaintiff" or "Named Plaintiff") alleges, on behalf of himself and classes of those similarly situated, as follows:

## INTRODUCTION

1.    Plaintiff brings this case as a class action against International Business Machines Corporation ("Defendant" or "IBM") for withholding overtime pay from thousands of its technical employees. IBM, a large multinational corporation with locations nationwide, has misclassified certain categories of technical computer support workers across the country as exempt from overtime, and refused to pay them overtime compensation, in violation of applicable federal and state laws. IBM also failed to properly credit the compensation of these workers under qualifying IBM savings and pension plans, in violation of applicable federal and state laws.

## JURISDICTION AND VENUE

2.    This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331; Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b); and Section 501(e)(1) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(e)(1). This Court also has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) there are 100 or more members in the Named Plaintiff's proposed class; (2) at least some members of the proposed class have a different citizenship from Defendant; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate. In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state law wage and hour law claims, because those claims derive from a common nucleus of operative fact.

3.    This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

4.    The Southern District of New York has personal jurisdiction over IBM because it has qualified with the New York Secretary of State to do business and is doing business in New York, and in this district, and because many of the acts complained of occurred in this State and this District and gave rise to claims alleged.

5.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and its corporate headquarters is located in Armonk, New York.

## SUMMARY OF CLAIMS

6.    Named Plaintiff is a current IBM technical support worker with the primary duties of installing, maintaining, and/or supporting computer software and/or hardware for IBM, who was misclassified by IBM as exempt from the overtime provisions of the FLSA as described below.

7.    Named Plaintiff brings this action on behalf of himself and all persons who were employed by IBM nationwide in position codes 499A and 594J and job bands 6, 7, and 8 (collectively, the "Class Positions") and who were classified by IBM as exempt from overtime pay under federal law between July 12, 2007 and February 16, 2008 (the "FLSA Period") but were subsequently reclassified by IBM as nonexempt. This group is hereinafter referred to as the "FLSA Collective Plaintiffs."

8.    Named Plaintiff ("California Named Plaintiff") also brings this action on behalf of all persons who were, are, or will be employed by IBM in California in the Class Positions (hereinafter "the California Class"), at any time between July 12, 2007 and February 16, 2008 (the "California Class Period"), and who were classified as exempt from overtime pay under California law but were subsequently reclassified by IBM as nonexempt.

9.    The primary job duty of Named Plaintiff and the FLSA Collective Plaintiffs was to install, maintain, and/or support computer software and/or hardware for IBM and its customers, following well-established company instructions and procedures.

10.    IBM unlawfully classified Named Plaintiff and the FLSA Collective Plaintiffs as exempt from overtime payments under federal law, despite the fact that they were not exempt. Named Plaintiff and the FLSA Collective Plaintiffs worked overtime hours, as defined by the applicable federal laws, and are and have been entitled to premium compensation at one and one-half times the regular hourly rate ("overtime compensation") for those hours.

11.    IBM has willfully refused to pay Named Plaintiff and the FLSA Collective Plaintiffs the required overtime compensation for overtime hours worked, and has failed to keep time records as required by law.

12.    Named Plaintiff ("ERISA Named Plaintiff") also brings this action on behalf of herself and all persons who were employed by Defendant nationwide in the Class Positions and who were classified by IBM as exempt from overtime pay under federal law between July 12, 2007 and February 16, 2008 ("the ERISA Class Period"), but were subsequently reclassified by IBM as nonexempt, and who were covered by the IBM Tax-Deferred Savings Plan / 401(k) ("the Savings Plan") and/or the IBM Personal Pension Plan ("the Pension Plan") (hereinafter "the ERISA Class").

13.    At all relevant times, Defendant has been the plan sponsor of the Savings Plan and the Pension Plan within the meaning of ERISA § 3(16)(B), 29 U.S.C. § 1002(16)(B). On information and belief, Defendant has exercised actual responsibility, authority, and/or control with regard to the crediting of compensation under the Savings Plan and the Pension Plan, thereby making it a fiduciary of each of those plans within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

14.    On information and belief, Defendant, at all relevant times, has been and continues to be an employer within the meaning of ERISA § 3(5), 29 U.S.C. § 1002(5), the administrator of the Savings Plan within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A), the named fiduciary of that plan within the meaning of ERISA § 402(a)(1), 29 U.S.C. § 1102(a)(1), and a fiduciary of that plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21). On information and belief, Defendant, at all relevant times, has been and continues to be the administrator of the IBM Personal Pension Plan, within the meaning of ERISA § 3(16)(A), 29 U.S.C. § 1002(16)(A), the named fiduciary of that plan within the meaning of ERISA § 402(a)(1), 29 U.S.C. § 1102(a)(1), and a fiduciary of that plan within the meaning of ERISA § 3(21), 29 U.S.C. § 1002(21).

15.     At all relevant times, ERISA Named Plaintiff has been an employee of Defendant, within the meaning of ERISA § 3(6), 29 U.S.C. § 1002(6), and a participant in the Savings Plan and Pension Plan within the meaning of ERISA § 3(7), 29 U.S.C. § 1102(7).

16.     Defendant has failed to keep records of Named Plaintiff's and the ERISA Class Members' overtime work. In doing so, Defendant has failed to comply with ERISA's requirement that it maintain records sufficient to determine benefits due or which may become due under the Savings Plan and the Pension Plan, as required under ERISA § 209, 29 U.S.C. § 1059.

17.     IBM has failed to credit Named Plaintiff and the ERISA Class Members for overtime work as Eligible Compensation under the Savings Plan. In doing so, IBM has violated ERISA's fiduciary requirement, set forth in ERISA § 404, 29 U.S.C. § 1104.

18.     IBM has failed to credit Named Plaintiff and the ERISA Class Members for overtime work as Pensionable Pay under the IBM Personal Pension Plan. In doing so, IBM has violated ERISA's fiduciary requirement, set forth in ERISA § 404, 29 U.S.C. § 1104.

19.     Defendant's practices violated the FLSA and ERISA as pled herein. Plaintiff seeks declaratory relief, overtime compensation for all overtime work required, suffered, or permitted by IBM, liquidated and/or other damages and penalties as permitted by applicable law, interest, and attorneys' fees and costs.

## THE PARTIES

20.     Plaintiff Michael Danieli is a resident of Woodland Hills, California. Mr. Danieli has been employed by IBM from 2005 to the present in Woodland Hills, California. Mr. Danieli worked as a Systems Operation IT Specialist during the Class Period, and had the primary duties of installing and maintaining computer software and/or hardware. Mr. Danieli worked hours in excess of forty hours per week and eight hours in a day, without receiving overtime compensation as required by federal law, during the Class Period.

21.    Named Plaintiff consents to sue for violations of the FLSA, pursuant to 29 U.S.C. § 216(b) and 256. A consent to join form for Named Plaintiff is attached hereto as Exhibit A.

22.    Defendant IBM is a New York corporation providing computer services throughout the United States and the world, with its corporate headquarters located in Armonk, New York. The practices described herein were performed in IBM's offices throughout the United States.

## COLLECTIVE ACTION ALLEGATIONS

23.    Named Plaintiff brings the First Claim for Relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all FLSA Collective Plaintiffs.

24.    Named Plaintiff and the FLSA Collective Plaintiffs are similarly situated in that they had substantially similar job requirements and pay provisions, and were subject to Defendant IBM's common practice, policy, or plan of unlawfully characterizing the FLSA Collective Plaintiffs as exempt employees and refusing to pay them overtime in violation of the FLSA.

25.    The First Claim for Relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 16(b) of the FLSA, 29 U.S.C. § 216(b), since the claims of the Named Plaintiffs are similar to the claims of the FLSA Collective Plaintiffs.

26.    The names and addresses of the FLSA Collective Plaintiffs are available from Defendant IBM, and notice should be provided to the FLSA Collective Plaintiffs via first class mail to the last address known to their employer as soon as possible.

## ERISA CLASS ACTION ALLEGATIONS

27.    ERISA Named Plaintiff brings the Second and Third Claims for Relief for violations of ERISA as a nationwide class action pursuant to Fed. R. Civ. P. 23(a) and (b)(1) and/or (b)(2) as representative of a proposed ERISA Class.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
FLSA, ERISA, AND CALIFORNIA STATE LAW

28.     The ERISA Class is so numerous that joinder of all members is impracticable. ERISA Named Plaintiff is informed and believes that during the Class period, Defendant employed several thousand persons who satisfy the definition of the ERISA Class.

29.     Questions of law and fact common to the ERISA Class as a whole include, but are not limited to, the following:

a.     Whether Defendant failed to maintain accurate records of actual time worked and wages earned by ERISA Named Plaintiff and the ERISA Class Members;

b.     Whether Defendant failed to provide accurate wage statements itemizing all actual time worked and wages earned by ERISA Named Plaintiff and the ERISA Class Members;

c.     Whether Defendant has violated ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1), as alleged herein;

d.     Whether Defendant credited ERISA Named Plaintiff and the ERISA Class Members with all Compensation which they were paid or entitled to be paid for purposes of the Savings Plan, as required by ERISA;

e.     Whether Defendant credited ERISA Named Plaintiff and the ERISA Class Members with all Compensation for which they were paid or entitled to be paid for purposes of the IBM Personal Pension Plan, as required by ERISA;

f.     Whether Defendant violated ERISA's fiduciary standards by its failure to credit ERISA Named Plaintiff and the ERISA Class Members with all Compensation which they were paid or entitled to be paid for purposes of the Savings Plan, as required by ERISA; and

g.     Whether Defendant violated ERISA's fiduciary standards by its failure to credit ERISA Named Plaintiff and the ERISA Class Members with all Compensation for which they were paid or entitled to be paid for purposes of the IBM Personal Pension Plan, as required by ERISA.

30.     ERISA Named Plaintiff's claims are typical of those of the ERISA Class Members. ERISA Named Plaintiff, like all other ERISA Class Members, was subject to (1) Defendant's policy and practice of failing to record overtime worked and (2) Defendant's policy and practice of failing to credit all overtime compensation earned or owing as Compensation under the Savings Plan and the IBM Personal Pension Plan.

31.     ERISA Named Plaintiff will fairly and adequately represent and protect the interests of the ERISA Class. ERISA Named Plaintiff has retained counsel competent and experienced in complex class actions and ERISA.

32.     Class certification of the Second and Third Claims for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(1) because adjudications with respect to individual members of the class would, as a practical matter, be dispositive of the interests of the other members and/or pursuant to Fed. R. Civ. P. 23(b)(2) because Defendant acted or refused to act on grounds generally applicable to the ERISA Class, making appropriate declaratory relief with respect to ERISA Named Plaintiff and the ERISA Class as a whole.

33.     ERISA Named Plaintiff intend to send notice to all members of the ERISA Class to the extent required by Rule 23.

### CALIFORNIA CLASS ACTION ALLEGATIONS

34.     California Named Plaintiff brings the Fourth, Fifth, Sixth and Seventh Claims for Relief for violation of California's wage and hour laws as a class action, pursuant to Fed. R. Civ. P.23 (a), (b)(2), and (b)(3), on behalf of all California Class members, defined in paragraph 8.

35.     The California Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that during the California Class Period Defendant IBM has employed at least one hundred persons who satisfy the definition of the California Class.

36.     Common questions of law and fact exist as to members of the California Class, including, but not limited to, the following:

      a.      Whether Defendant unlawfully failed to pay overtime compensation in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §17200 *et seq.*, and the California Labor Code and related regulations, Cal. Labor Code §§ 201, 202, 203, 226, 510, 1174, 1174.5, and 1194, Cal. Wage Order No. 4.

      b.      Whether California Named Plaintiff and the California Class Members were non-exempt employees entitled to overtime compensation for overtime hours worked under the overtime pay requirements of California law;

      c.      Whether IBM's policy and practice of classifying the California Class Members as exempt from overtime entitlement under California law and IBM's policy and practice of failing to pay overtime to the California Class Members violate applicable provisions of California law, including applicable statutory and regulatory authority;

      d.      Whether IBM unlawfully failed to keep and furnish California Class members with records of hours worked, in violation of Labor Code §§ 226 and 1174;

      e.      Whether IBM's policy and practice of failing to pay its employees all wages due within the time required by law after their employment ended violates California law; and

      f.      The proper measure of damages sustained and the proper measure of restitution recoverable by members of the California Class.

      37.      California Named Plaintiff's claims are typical of California Class Members' claims. California Named Plaintiff, like other California Class Members, was subjected to IBM's policy and practice of refusing to pay overtime in violation of California law. California Named Plaintiff's job duties were typical of those of other California Class Members.

      38.      California Named Plaintiff will fairly and adequately represent and protect the interests of the California Class Members. California Named Plaintiff has retained counsel competent and experienced in complex class actions, the FLSA, ERISA, and state labor and employment litigation.

39.     Class certification of the Fourth, Fifth, Sixth and Seventh Claims for Relief is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because IBM has acted or refused to act on grounds generally applicable to the California Class, making appropriate declaratory relief with respect to California Named Plaintiff and the California Class as a whole.

40.     Class certification of the Fourth, Fifth, Sixth and Seventh Claims for Relief is also appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact common to the California Class predominate over any questions affecting only individual members of the California Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. IBM's common and uniform policies and practices unlawfully treated members of the California Class as exempt from overtime pay requirements. The damages suffered by individual California Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about IBM's practices.

41.     Plaintiff intends to send notice to all members of the California Class to the extent required by Rule 23.

### FIRSTCLAIM FOR RELIEF
### (Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*,
### Brought by Named Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)

42.     Named Plaintiff, on behalf of himself and all FLSA Collective Plaintiffs, realleges and incorporates by reference paragraphs 1 through 41 as if they were set forth again herein.

43.     At all relevant times, IBM was an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, IBM employed "employee[s]," including Named Plaintiff and each of the collective FLSA Collective Plaintiffs. At all relevant times, IBM had gross operating revenues in excess of $500,000.

44.    Attached hereto is the consent to join form signed by Named Plaintiff in this action pursuant to § 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256. It is likely that other individuals will sign consent forms and join as plaintiffs on this claim in the future.

45.    The FLSA requires each covered employer, such as Defendant IBM, to compensate all non-exempt employees at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek.

46.    The FLSA Collective Plaintiffs were entitled to be paid overtime compensation for all overtime hours worked.

47.    At all relevant times, IBM, pursuant to its policies and practices, failed and refused to pay overtime premiums to the FLSA Collective Plaintiffs for their hours worked in excess of forty hours per week.

48.    By failing to compensate Named Plaintiff and the FLSA Collective Plaintiffs at a rate not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a workweek, IBM has violated the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 207(a)(1) and § 215(a).

49.    By failing to record, report, and/or preserve records of hours worked by Named Plaintiff and the FLSA Collective Plaintiffs, IBM has failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. § 211(c) and § 215(a).

50.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

51.    Named Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks recovery of their attorneys' fees and costs of action to be paid by IBM, as provided by the FLSA, 29 U.S.C. § 216(b).

52.    Named Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seeks damages in the amount of their respective unpaid overtime compensation, liquidated

damages as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### (Brought by ERISA Named Plaintiff on Behalf of Himself and the ERISA Class) (ERISA § 502(a)(3) Based on Failure to Maintain Records)

53.    ERISA Named Plaintiff, on behalf of himself and the ERISA Class, realleges and incorporates by reference paragraphs 1 through 52 as if they were set forth again herein.

54.    ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1), requires that an employer which sponsors an employee benefit plan maintain records with respect to each of its employees sufficient to determine the benefits due or which may become due to such employees.

55.    On information and belief, the Savings Plan and the Pension Plan are employee pension benefit plans within the meaning of ERISA § 3(2), 29 U.S.C. § 1002(2), and employee benefit plans within the meaning of ERISA § 3(3), 29 U.S.C. § 1002(3).

56.    Pursuant to the terms of the Savings Plan, employees' rights to share in the contributions to the Plan are dependent, in part, on their Compensation, which is defined by Section 1.15 of the Plan's governing instrument to include, among other things, employees' overtime wages.

57.    Pursuant to the terms of the IBM Personal Pension Plan, employees' rights to share in the contributions to the plan are dependent, in part, on their Compensation, which is defined by Section 2.14 of the Plan's governing instrument to include, among other things, employees' overtime wages.

58.    By its failure to record and/or report all of the hours worked by ERISA Named Plaintiff and members of the ERISA Class Members, Defendant has failed to maintain records with respect to each of its employees sufficient to determine the benefit accrual rights of Pension Plan participants, in violation of ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1).

59.    By its failure to record and/or report all of the hours worked by ERISA Named Plaintiff and the ERISA Class Members, Defendant has failed to maintain records with

respect to each of its employees sufficient to determine the benefit accrual rights of Savings Plan participants, in violation of ERISA § 209(a)(1), 29 U.S.C. § 1059(a)(1).

60.    ERISA Named Plaintiff, on behalf of himself and members of the ERISA Class, seeks recovery of their attorneys' fees and costs of action to be paid by Defendant, as provided by Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

### THIRD CLAIM FOR RELIEF
### (Brought by ERISA Named Plaintiff on Behalf of Himself and the ERISA Class)
### (Pursuant to ERISA § 502(a)(3) to Remedy Failures to Credit Service
### As Required by ERISA)

61.    ERISA Named Plaintiff, on behalf of himself and the ERISA Class, realleges and incorporates by reference paragraphs 1 through 60 as if they were set forth again herein.

62.    ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1), requires that employee benefit plan fiduciaries discharge their duties with respect to the plan solely in the interest of the participants and beneficiaries and, inter alia, (1) for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administration; (2) with the care, skill, prudence, and diligence under the circumstances that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of like character and with like aims; and (3) in accordance with the documents and instruments governing the plan.

63.    On information and belief, Article 11 of the governing instrument of the Savings Plan confers on Defendant discretionary authority, responsibility, and/or control with respect to the crediting of compensation, thereby rendering Defendant a fiduciary in that regard.

64.    On further information and belief, Article 5 of the governing instrument of the Pension Plan confers on Defendant discretionary authority, responsibility, and/or control with respect to the crediting of compensation, thereby rendering Defendant a fiduciary in that regard.

65.    On further information and belief, Defendant has exercised actual discretionary authority, responsibility, and/or control in determining what compensation would

and would not be credited under the Savings Plan. By reason of the exercise of such discretion, Defendant has been a fiduciary of that plan with respect to the crediting of compensation.

66.    On further information and belief, Defendant has exercised actual discretionary authority, responsibility, and/or control in determining what compensation would and would not be credited by the Pension Plan. By reason of the exercise of such discretion, Defendant has been a fiduciary of that plan with respect to the crediting of compensation.

67.    Defendant has breached its fiduciary duties by failing to credit compensation due for overtime performed by ERISA Named Plaintiff and the ERISA Class Members as Compensation under the Savings Plan and the Pension Plan.

68.    ERISA Named Plaintiff, on behalf of himself and the ERISA Class Members, seeks recovery of their attorneys' fees and costs of action to be paid by Defendant, as provided by Section 502(g)(1) of ERISA, 29 U.S.C. § 1132(g)(1).

**FOURTH CLAIM FOR RELIEF**
**(Cal. Wage Order No. 4; Cal. Labor Code §§ 510, 1194,**
**Brought by California Named Plaintiff on Behalf of Himself and the California Class)**

69.    California Named Plaintiff, on behalf of himself and all California Class Members, realleges and incorporates by reference paragraphs 1 through 68 as if they were set forth again herein.

70.    California law requires an employer, such as Defendant, to pay overtime compensation to all non-exempt employees for all hours worked over forty per week, or over eight per day.

71.    California Named Plaintiff and the California Class Members were non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

72.    Throughout the California Class Period, California Named Plaintiff and the California Class Members worked in excess of eight hours in a workday and/or forty hours in a workweek. California Named Plaintiff and certain California Class Members also worked in excess of twelve hours in a workday.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
FLSA, ERISA, AND CALIFORNIA STATE LAW

73.    During the California Class Period, Defendant misclassified the California Named Plaintiff and the California Class Members as exempt from overtime pay entitlement and failed and refused to pay them overtime premium pay for their overtime hours worked.

74.    As a direct and proximate result of Defendant's unlawful conduct, as set forth herein, California Named Plaintiff and the California Class Members have sustained damages, including loss of earnings for hours of overtime worked on behalf of Defendant in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

**FIFTH CLAIM FOR RELIEF**
**(California Wage Payment Provisions, Cal. Labor Code §§ 201, 202, & 203,**
**Brought by California Named Plaintiff on Behalf of Himself and the California Class)**

75.    California Named Plaintiff, on behalf of himself and all California Class Members, realleges and incorporates by reference paragraphs 1 through 74 as if they were set forth again herein.

76.    California Labor Code §§ 201 and 202 require Defendant to pay its employees all wages due within the time specified by law. California Labor Code § 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

77.    All California Class Members who ceased employment with IBM are entitled to unpaid compensation, but to date have not received such compensation.

78.    More than thirty days have passed since certain California Class Members left Defendant's employ.

79.    As a consequence of Defendant's willful conduct in not paying compensation for all hours worked, the California Class Members whose employment ended during the class period are entitled to thirty days' wages under Labor Code § 203, together with interest thereon and attorneys' fees and costs.

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
FLSA, ERISA, AND CALIFORNIA STATE LAW

## SIXTH CLAIM FOR RELIEF
### (California Record-Keeping Provisions,
### Cal. Wage Order No. 4; Cal. Labor Code §§ 226, 1174, & 1174.5,
### Brought by California Named Plaintiff on Behalf of Himself and the California Class)

80.     California Named Plaintiff, on behalf of himself and all California Class Members, realleges and incorporates by reference paragraphs 1 through 79 as if they were set forth again herein.

81.     Defendant knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, inter alia, hours worked, to California Named Plaintiff and the California Class Members in accordance with Labor Code § 226(a) and the IWC Wage Orders.  Such failure caused injury to California Named Plaintiff and the California Class Members, by, among other things, impeding them from knowing the amount of wages to which they are and were entitled.  At all times relevant herein, Defendant has failed to maintain records of hours worked by California Named Plaintiff and the California Class Members as required under Labor Code § 1174(d).

82.     California Named Plaintiff and the California Class Members are entitled to and seek injunctive relief requiring Defendant to comply with Labor Code §§ 226(a) and 1174(d), and further seek the amount provided under Labor Code §§ 226(e) and 1174.5, including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

## SEVENTH CLAIM FOR RELIEF
### (California Meal Period Provisions,
### Cal. Wage Order No. 4; Cal. Labor Code §§ 218.5, 226.7, & 512,
### Brought by California Named Plaintiff on Behalf of Himself and the California Class)

83.     California Named Plaintiff, on behalf of himself and all California Class Members, realleges and incorporates by reference paragraphs 1 through 82 as if they were set forth again herein.

84.     California Named Plaintiff and the California Class Members regularly work and have worked in excess of five-hour shifts without being afforded at least a half-hour

- 15 -

meal break in which they were relieved of all duty, as required by Labor Code §§ 226.7 and 512 and Wage Order No. 4-2001, § 11(a).

85.    As a result of Defendant's failure to afford proper meal periods, it is liable to California Named Plaintiff and the California Class Members for one hour of additional pay at the regular rate of compensation for each workday that the proper meal periods were not provided, pursuant to Labor Code § 226.7 and Wage Order No. 4-2001, § 11(b).

## PRAYER FOR RELIEF

WHEREFORE, Named Plaintiff on behalf of himself and all FLSA Class Members, prays for relief as follows:

A.    Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Opt-In Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.    Designation of Named Plaintiff as Representative of the FLSA Collective Plaintiffs;

C.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

D.    An award of damages, according to proof, including liquidated damages, to be paid by Defendant;

E.    Costs of action incurred herein, including expert fees;

F.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

G.    Pre-Judgment and Post-Judgment interest, as provided by law; and

H.    Such other legal equitable relief as this Court deems necessary, just, and proper.

WHEREFORE, ERISA Named Plaintiff on behalf of himself and all ERISA Class Members, prays for relief as follows:

- 16 -

I.    Certification of this action as a class action on behalf of the proposed ERISA Class;

J.    Designation of Named Plaintiff as Representative of the ERISA Class;

K.    A declaration that the practices complained of herein violate ERISA § 209(a), 29 U.S.C. § 1129(a);

L.    Appropriate equitable relief to remedy Defendant's violations of ERISA § 209(a);

M.    A declaration that Defendant has breached its fiduciary duties by failing to credit Named Plaintiff and the ERISA Class with Eligible Compensation for all work performed, as required by ERISA and the terms of the Savings Plan;

N.    A declaration that Defendant has breached its fiduciary duties by failing to credit Named Plaintiff and the ERISA Class Members with Pensionable Pay for all work performed, as required by ERISA and the terms of the IBM Personal Pension Plan;

O.    An order requiring that Defendant remedy its breaches of fiduciary duty by crediting Named Plaintiff and the ERISA Class Members with Eligible Compensation and Pensionable Pay for all of their past, present, and future uncompensated work;

P.    Attorneys' fees and costs of suit; and

Q.    Such other equitable relief as the Court may deem necessary, just, and proper.

WHEREFORE, California Named Plaintiff on behalf of himself and all California Class Members, prays for relief as follows:

R.    Certification of this action as a class action on behalf of the proposed California Class;

S.    Designation of California Named Plaintiff as Representative of the California Class;

T.    A declaratory judgment that the practices complained of herein are unlawful under California state law;

U.     Appropriate equitable and injunctive relief to remedy Defendant's violations of California law, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

V.     Appropriate statutory penalties under Cal. Lab. Code §§ 226.7, 226(e), 1174.5, 2698, and 2699;

W.     An award of compensatory and punitive damages to the extent available, liquidated damages, and restitution to be paid by Defendant according to proof;

X.     Restitution;

Y.     Pre-Judgment and Post-Judgment interest, as provided by law;

Z.     Such other injunctive and equitable relief as the Court may deem just and proper; and

AA.     Attorneys' fees and costs of suit, including expert fees and fees pursuant to Cal. Lab. Code §§ 218.5, 1194, 2698, and 2699, Cal. Code Civ. Proc. § 1021.5, and other applicable state laws.

Respectfully submitted,

Dated:  April 17, 2008        By: _____
                                 Piper Hoffman

Adam T. Klein (AK 3293)
Piper Hoffman (PH 4990)
Tara Lai Quinlan (TQ 0717)
OUTTEN & GOLDEN LLP
3 Park Ave., 29th Floor
New York, NY 10016
Telephone:  (212) 245-1000
Facsimile:  (212) 977-4005
Email:  atk@outtengolden.com
Email:  ph@outtengolden.com
Email:  tlq@outtengolden.com

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
FLSA, ERISA, AND CALIFORNIA STATE LAW

Kelly M. Dermody (SBN 171716) *(pro hac vice application forthcoming)*
Jahan C. Sagafi (SBN 224887) *(pro hac vice application forthcoming)*
LIEFF, CABRASER, HEIMANN &
    BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
Email: kdermody@lchb.com
Email: jsagafi@lchb.com

Rachel Geman (RG 0998)
LIEFF, CABRASER, HEIMANN &
    BERNSTEIN, LLP
780 Third Avenue, 48th Floor
New York, NY 10017-2024
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
Email: rgeman@lchb.com

Steven G. Zieff *(pro hac vice application forthcoming)*
Patrice R. Goldman *(pro hac vice application forthcoming)*
David A. Lowe *(pro hac vice application forthcoming)*
Kenneth J. Sugarman *(pro hac vice application forthcoming)*
RUDY, EXELROD & ZIEFF, LLP
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 434-9800
Facsimile: (415) 434-0513
Email: szieff@reztlaw.com
Email: plg@rezlaw.com
Email: dal@reztlaw.com
Email: kjs@reztlaw.com

Todd F. Jackson *(pro hac vice application forthcoming)*
LEWIS, FEINBERG, LEE, RENAKER &
    JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA 94612
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
Email: tjackson@lewisfeinberg.com

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
FLSA, ERISA, AND CALIFORNIA STATE LAW

James M. Finberg *(pro hac vice application forthcoming)*
Eve H. Cervantez *(pro hac vice application forthcoming)*
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, California 94108
Email: jfinberg@altshulerberzon.com
Email: ecervantez@altshulerberzon.com

Ira Spiro *(pro hac vice application forthcoming)*
SPIRO MOSS BARNESS HARRISON &
   BARGE, LLP
11377 W. Olympic Blvd., Fl. 5
Los Angeles, CA 90064-1625
Telephone: (310) 235-2468
Facsimile: (310) 235-2456
Email: ispiro@smbhblaw.com

J. Derek Braziel *(pro hac vice application forthcoming)*
LEE & BRAZIEL, LLP
208 N. Market Street
Dallas, TX 75202
Telephone: (214) 749-1400
Facsimile: (214) 749-1010
Email: jdbraziel@l-b-law.com

Richard Burch *(pro hac vice application forthcoming)*
BRUCKNER BURCH, PLLC
5847 San Felipe, Suite 3900
Houston, TX 77057
Telephone: (713) 877-8788
Facsimile: (713) 877-8065
Email: rburch@brucknerburch.com

David Borgen *(pro hac vice application forthcoming)*
GOLDSTEIN, DEMCHAK, BALLER, BORGEN
& DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Telephone: (510) 763-9800
Facsimile: (510) 835-1417
Email: borgen@gdblegal.com

*Attorneys for Plaintiffs and the proposed Plaintiff Classes*

- 20 -

## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect

to which they have a right to jury trial.

Respectfully submitted,

Dated: April 17, 2008

By: _____
          Piper Hoffman

Adam T. Klein (AK 3293)
Piper Hoffman (PH 4990)
Tara Lai Quinlan (TQ 0717)
OUTTEN & GOLDEN LLP
3 Park Ave., 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005
Email: atk@outtengolden.com
Email: ph@outtengolden.com
Email: tlq@outtengolden.com

Rachel Geman (RG 0998)
LIEFF, CABRASER, HEIMANN &
   BERNSTEIN, LLP
780 Third Avenue, 48th Floor
New York, NY 10017-2024
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
Email: rgeman@lchb.com

*Attorneys for Plaintiffs and the proposed Plaintiff Classes*

CLASS ACTION COMPLAINT FOR VIOLATIONS OF
FLSA, ERISA, AND CALIFORNIA STATE LAW

# Exhibit A

## CONSENT TO JOIN FORM

### Consent to sue under the Fair Labor Standards Act (FLSA)

I work or worked for International Business Machines Corporation (IBM) between July 12, 2007 and February 16, 2008 as a technical support worker with the primary duty of installing and/or maintaining computer software and hardware.

I consent to be a party plaintiff in a lawsuit alleging that IBM has violated the Fair Labor Standards Act and applicable state labor law. I understand that this lawsuit seeks unpaid overtime and related damages that may be owed to me and other current and former IBM employees.

I understand that I have the right to choose other counsel and to pursue my claims solely on my own behalf, and I choose to be represented in this matter by class counsel Lieff, Cabraser, Heimann & Bernstein, LLP; Outten & Golden LLP; Rudy, Exelrod & Zieff, LLP; Lewis & Feinberg, P.C.; Altshuler Berzon LLP; and other attorneys with whom they may associate.

Print Name: _MICHAEL P DANIELI_

Signature: _Michael P. Danieli_

Date Signed: _4/16/08_