Matthew W. Lampe (*pro hac vice*)
mwlampe@jonesday.com
Wendy C. Butler (WB-2539)
wbutler@jonesday.com
Craig S. Friedman (CF-1988)
csfriedman@jonesday.com
JONES DAY
222 East 41st Street
New York, New York 10017
(212) 326-3939

Matthew W. Ray (*pro hac vice*)
mwray@jonesday.com
JONES DAY
2727 North Harwood Street
Dallas, Texas 75201
(214) 220-3939

Attorneys for Defendant
International Business Machines Corporation

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MICHAEL DANIELI, on behalf of himself and those similarly situated,<br><br>   Plaintiff,<br> v.<br><br>INTERNATIONAL BUSINESS MACHINES CORPORATION,<br><br>   Defendant. | **08 CV 3688 (RWS)**<br><br>**ECF CASE**<br><br>**DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO <u>PLAINTIFF'S COMPLAINT</u>** |

   Defendant International Business Machines Corporation ("IBM"), by and through its attorneys, Jones Day, answers the Complaint of Plaintiff Michael Danieli ("Danieli") as follows:

## <u>INTRODUCTION</u>

   1. IBM admits that it is a multinational corporation with locations nationwide. IBM further admits that Danieli purports to bring this matter as a class and collective action and that

he seeks certain relief.  IBM denies that this case may be maintained as a class or collective action, and it denies that Danieli, or any other person, is entitled to relief in this matter.  IBM denies the remaining allegations in paragraph 1.

## JURISDICTION AND VENUE

2. IBM admits that this Court has jurisdiction over the claims in this matter.  IBM denies the remaining allegations contained in paragraph 2.

3. IBM states that Danieli's contentions as to 28 U.S.C. §§ 2201 and 2202 set forth legal conclusions to which no response is required.  Further responding, IBM denies that Danieli, or any other person, is entitled to declaratory relief in this matter.  IBM denies any allegations contained in paragraph 3.

4. IBM admits that it is subject to the jurisdiction of this Court in connection with this matter.  IBM further admits that it has qualified with the New York Secretary of State to do business in this State and that IBM is doing business in New York in this District.  IBM denies the remaining allegations contained in paragraph 4.

5. IBM admits that venue is proper in this District.  IBM further admits that its corporate headquarters is located in Armonk, New York.  IBM denies the remaining allegations contained in paragraph 5.

## SUMMARY OF CLAIMS

6. IBM states that it currently employs Danieli as a Technical Services Professional.  IBM denies the remaining allegations in paragraph 6.

7. IBM admits that Danieli purports to bring this matter as a collective action.  IBM denies that this case may be maintained as a collective action, and it denies the remaining allegations contained in paragraph 7.

8.  IBM admits that Danieli purports to bring this matter as a class action. IBM denies that this case may be maintained as a class action, and it denies the remaining allegations contained in paragraph 8.

9.  IBM denies the allegations in paragraph 9. Further responding, IBM states that Danieli is the only plaintiff in this matter.

10. IBM denies the allegations in paragraph 10. Further responding, IBM states that Danieli is the only plaintiff in this matter.

11. IBM denies the allegations in paragraph 11. Further responding, IBM states that Danieli is the only plaintiff in this matter.

12. IBM admits that Danieli purports to bring this matter as a class action. IBM denies that this case may be maintained as a class action, and it denies the remaining allegations contained in paragraph 12.

13. IBM admits that it is the plan sponsor of the IBM Savings Plan ("Savings Plan") and the IBM Personal Pension Plan ("Pension Plan"). IBM denies the remaining allegations contained in paragraph 13.

14. IBM admits that it is an employer within the meaning of ERISA § 3(5). IBM denies the remaining allegations contained in paragraph 14.

15. IBM denies the allegations in paragraph 15.

16. IBM denies the allegations in paragraph 16. Further responding, IBM denies that this case may be maintained as a class action.

17. IBM denies the allegations in paragraph 17. Further responding, IBM denies that this case may be maintained as a class action.

18.     IBM denies the allegations in paragraph 18.  Further responding, IBM denies that this case may be maintained as a class action.

19.     IBM admits only that Danieli seeks certain relief.  IBM denies that Danieli, or any other person, is entitled to any relief in this matter, and it denies the remaining allegations contained in paragraph 19.

## THE PARTIES

20.     IBM states that it has employed Danieli from approximately July 14, 2005 to the present, that he works in California, that in some weeks he has worked more than 40 hours, and that his current position title is Technical Services Professional.  IBM states that IBM is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Michael Danieli's current residence.  IBM denies the remaining allegations contained in paragraph 20.

21.     IBM admits that Danieli purports to bring claims under 29 U.S.C. §§ 216(b) and 256 and that Exhibit A to Danieli's Complaint is a document entitled Consent to Join Form, which speaks for itself.  IBM denies that Danieli is entitled to relief in this matter, and it denies any remaining allegations contained in paragraph 21.

22.     IBM admits that IBM is a corporation, that its corporate headquarters is located in Armonk, New York, and that it provides computer-related services, among many other things, to certain customers.  IBM denies the remaining allegations contained in paragraph 22.

## COLLECTIVE ACTION ALLEGATIONS

23.     IBM admits that Danieli purports to bring a claim under 29 U.S.C. § 216(b) and that he purports to pursue this matter as a collective action.  IBM denies that this case may be

DLI-6192994v2

maintained as a collective action, and it denies that Danieli, or any other person, is entitled to relief in this matter. IBM denies any remaining allegations contained in paragraph 23.

24. IBM denies that there are any plaintiffs in this matter other than Danieli, and it denies the remaining allegations contained in paragraph 24.

25. IBM denies that there are any plaintiffs in this matter other than Danieli, and it denies the remaining allegations contained in paragraph 25.

26. IBM denies that there are any plaintiffs in this matter other than Danieli, and it denies the remaining allegations contained in paragraph 26.

## ERISA CLASS ACTION ALLEGATIONS

27. IBM admits that Danieli purports to bring claims under ERISA and that he seeks to pursue this matter as a class action. IBM denies that this case may be maintained as a class action, and it denies that Danieli, or any other person, is entitled to relief in this matter. IBM denies any remaining allegations contained in paragraph 27.

28. IBM denies that this matter may be maintained as a class action, and it denies the remaining allegations contained in paragraph 28.

29. IBM denies that this matter may be maintained as a class action, and it denies the remaining allegations contained in paragraph 29, including its subparts (a) through (g).

30. IBM denies that this matter may be maintained as a class action, and it denies the remaining allegations contained in paragraph 30.

31. IBM denies that this matter may be maintained as a class action, and it denies the remaining allegations contained in paragraph 31.

32. IBM denies that this matter may be maintained as a class action, and it denies the remaining allegations contained in paragraph 32.

DLI-6192994v2

33.     IBM admits only that Danieli seeks to pursue this matter as a class action.  IBM denies that this matter may be maintained as a class action, and it denies that notice to putative class members would be appropriate or warranted.  IBM denies the remaining allegations contained in paragraph 33.

## CALIFORNIA CLASS ACTION ALLEGATIONS

34.     IBM admits that Danieli seeks to pursue claims under certain California laws and that Danieli seeks to pursue this matter as a class action.  Defendant denies that this case may be maintained as a class action, and it denies that Danieli, or any other person, is entitled to relief in this matter.  IBM denies any remaining allegations contained in paragraph 34.

35.     IBM denies that this matter may be maintained as a class action, and it denies the remaining allegations contained in paragraph 35.

36.     IBM denies that this matter may be maintained as a class action, and it denies the remaining allegations contained in paragraph 36, including its subparts (a) through (f).

37.     IBM denies that this matter may be maintained as a class action, and it denies the remaining allegations contained in paragraph 37.

38.     IBM denies that this matter may be maintained as a class action, and it denies the remaining allegations contained in paragraph 38.

39.     IBM denies that this matter may be maintained as a class action, and it denies the remaining allegations contained in paragraph 39.

40.     IBM denies that this matter may be maintained as a class action, and it denies the remaining allegations contained in paragraph 40.

41.     IBM admits only that Danieli seeks to pursue this matter as a class action.  IBM denies that this matter may be maintained as a class action, and it denies that notice to putative

DLI-6192994v2

class members would be appropriate or warranted. IBM denies the remaining allegations contained in paragraph 41.

**FIRST CLAIM FOR RELIEF**
**(Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*,**
**Brought by Named Plaintiff on Behalf of Himself and the FLSA Collective Plaintiffs)**

42.    IBM hereby incorporates by reference and restates its responses to the allegations contained in paragraphs 1 through 41 as if fully set forth herein. Further, IBM denies that there are any plaintiffs in this matter other than Danieli.

43.    IBM admits that it employs certain persons, including Danieli, and that its gross operating revenues have exceeded $500,000. IBM states Danieli's contentions as to 29 U.S.C. § 203 set forth legal conclusions to which no response is required. IBM denies that there are any plaintiffs other than Danieli, and it denies any remaining allegations contained in paragraph 43.

44.    IBM admits that Exhibit A to Danieli's Complaint is a document entitled Consent to Join Form, which speaks for itself. IBM denies that this case may be maintained as a collective action, and IBM denies the remaining allegations contained in paragraph 44.

45.    IBM states paragraph 45 sets forth legal conclusions to which no response is required. IBM denies any allegations contained in paragraph 45.

46.    IBM denies that there are any plaintiffs in this matter other than Danieli, and it denies the remaining allegations contained in paragraph 46.

47.    IBM denies that there are any plaintiffs in this matter other than Danieli, and it denies the remaining allegations contained in paragraph 47.

48.    IBM denies that there are any plaintiffs in this matter other than Danieli, and it denies the remaining allegations contained in paragraph 48.

49.    IBM denies that there are any plaintiffs in this matter other than Danieli, and it denies the remaining allegations contained in paragraph 49.

DLI-6192994v2

50. IBM denies the allegations contained in paragraph 50.

51. IBM admits that Danieli purports to seek certain relief. IBM denies that there are any plaintiffs in this matter other than Danieli, and it denies that Danieli, or any other person, is entitled to relief in this matter. IBM denies the remaining allegations contained in paragraph 51.

52. IBM admits that Danieli purports to seek certain relief. IBM denies that there are any plaintiffs in this matter other than Danieli, and it denies that Danieli, or any other person, is entitled to relief in this matter. IBM denies the remaining allegations contained in paragraph 52.

## SECOND CLAIM FOR RELIEF
### (Brought by ERISA Named Plaintiff on Behalf of Himself and the ERISA Class)
### (ERISA § 502(a)(3) Based on Failure to Maintain Records)

53. IBM hereby incorporates by reference and restates its responses to the allegations contained in paragraphs 1 through 52 as if fully set forth herein. Further, IBM denies that this matter may be maintained as a class action.

54. IBM states paragraph 54 sets forth legal conclusions to which no response is required. IBM denies any allegations contained in paragraph 54.

55. IBM admits the allegations contained in paragraph 55.

56. IBM states that the Savings Plan provides benefits according to its terms, which are contained in a document that speaks for itself. IBM denies any remaining allegations contained in paragraph 56.

57. IBM states that the Pension Plan provides benefits according to its terms, which are contained in a document that speaks for itself. IBM denies any remaining allegations contained in paragraph 57.

58. IBM denies that this matter may be maintained as a class action, and it denies the remaining allegations contained in paragraph 58.

DLI-6192994v2

59. IBM denies that this matter may be maintained as a class action, and it denies the remaining allegations contained in paragraph 59.

60. IBM admits that Danieli seeks certain relief and that he purports to pursue this matter as a class action. IBM denies that this case may be maintained as a class action, and it denies that Danieli, or any other person, is entitled to recovery in this matter. IBM denies any remaining allegations contained in paragraph 60.

### THIRD CLAIM FOR RELIEF
### (Brought by the ERISA Named Plaintiff on Behalf of Himself and the ERISA Class)
### (Pursuant to ERISA § 502(a)(3) to Remedy Failures to Credit Service
### As Required by ERISA)

61. IBM hereby incorporates by reference and restates its responses to the allegations contained in paragraphs 1 through 60 as if fully set forth herein. Further, IBM denies that this matter may be maintained as a class action.

62. IBM states that paragraph 62 sets forth legal conclusions to which no response is required. IBM denies any allegations contained in paragraph 62.

63. IBM denies the allegations contained in paragraph 63.

64. IBM denies the allegations contained in paragraph 64.

65. IBM denies the allegations contained in paragraph 65.

66. IBM denies the allegations contained in paragraph 66.

67. IBM denies the allegations contained in paragraph 67.

68. IBM admits that Danieli seeks certain relief and that he purports to pursue this matter as a class action. IBM denies that this case may be maintained as a class action, and it denies that Danieli, or any other person, is entitled to recovery in this matter. IBM denies any remaining allegations contained in paragraph 68.

DLI-6192994v2

## FOURTH CLAIM FOR RELIEF
### (Cal. Wage Order No. 4; Cal. Labor Code §§ 510, 1194, Brought by California Named Plaintiff on Behalf of Himself and the California Class)

69. IBM hereby incorporates by reference and restates its responses to the allegations contained in paragraphs 1 through 68 as if fully set forth herein. Further, IBM denies that this matter may be maintained as a class action.

70. IBM states that paragraph 70 sets forth a legal conclusion to which no response is required. IBM denies any allegations contained in paragraph 70.

71. IBM denies that this matter may be maintained as a class action, and it denies the remaining allegations contained in paragraph 71.

72. IBM denies that this matter may be maintained as a class action, and it denies the remaining allegations contained in paragraph 72.

73. IBM denies that this matter may be maintained as a class action, and it denies the remaining allegations contained in paragraph 73.

74. IBM denies that this matter may be maintained as a class action, and it denies the remaining allegations contained in paragraph 74.

## FIFTH CLAIM FOR RELIEF
### (California Wage Payment Provisions, Cal. Labor Code §§ 201, 202, & 203, Brought by the California Named Plaintiff on Behalf of Himself and the California Class)

75. IBM hereby incorporates by reference and restates its responses to the allegations contained in paragraphs 1 through 74 as if fully set forth herein. Further, IBM denies that this matter may be maintained as a class action.

76. IBM states paragraph 76 sets forth legal conclusions to which no response is required. IBM denies any allegations contained in paragraph 76.

77. IBM denies that this matter may be maintained as a class action, and it denies the remaining allegations contained in paragraph 77.

DLI-6192994v2

78.   IBM denies that this matter may be maintained as a class action, and it denies the remaining allegations contained in paragraph 78.

79.   IBM denies that this matter may be maintained as a class action, and it denies the remaining allegations contained in paragraph 79.

**SIXTH CLAIM FOR RELIEF**
**(California Record-Keeping Provisions,**
**Cal. Wage Order No. 4; Cal. Labor Code §§ 226, 1174, & 1174.5,**
**Brought by California Named Plaintiff on Behalf of Himself and the California Class)**

80.   IBM hereby incorporates by reference and restates its responses to the allegations contained in paragraphs 1 through 79 as if fully set forth herein.  Further, IBM denies that this case may be maintained as a class action.

81.   IBM denies that this matter may be maintained as a class action, and it denies the remaining allegations contained in paragraph 81.

82.   IBM admits that Danieli seeks certain relief and that he purports to pursue this matter as a class action.  IBM denies that this case may be maintained as a class action, and it denies that Danieli, or any other person, is entitled to recovery in this matter.  IBM denies any remaining allegations contained in paragraph 82.

**SEVENTH CLAIM FOR RELIEF**
**(California Meal Period Provisions,**
**Cal. Wage Order No. 4; Cal. Labor Code §§ 218.5, 226.7, & 512,**
**Brought by California Named Plaintiff on Behalf of Himself and the California Class)**

83.   IBM hereby incorporates and restates its responses to the allegations contained in paragraphs 1 through 82 as if fully set forth herein.  Further, IBM denies that this case may be maintained as a class action.

84.   IBM denies that this case may be maintained as a class action, and it denies any remaining allegations contained in paragraph 84.

DLI-6192994v2

85. IBM denies that this case may be maintained as a class action, and it denies any remaining allegations contained in paragraph 85.

86. All allegations not specifically admitted are hereby denied.

## PRAYER FOR RELIEF

In response to the unnumbered "Wherefore" paragraphs commencing on Complaint page 16, including numbered paragraphs A-AA, IBM denies that Danieli, or any other person, is entitled to any of the relief requested in the "Wherefore" paragraphs, or any other relief.

## JURY TRIAL DEMAND

In response to the unnumbered jury demand, on Complaint page 21, IBM states that whether Danieli's claims entitle him to a trial by jury involves a legal determination that is not subject to admittance or denial.

## DEFENSES

IBM asserts the following defenses. IBM reserves the right to amend or supplement its answer and/or defenses as may be warranted by the information developed through subsequent discovery.

## FIRST DEFENSE

Danieli fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND DEFENSE

IBM is not a proper party to this case with respect to the ERISA claims.

## THIRD DEFENSE

Danieli's ERISA claims are barred to the extent they are based on settlor or corporate actions by IBM, which are not governed by ERISA.

**FOURTH DEFENSE**

Danieli's ERISA claims are barred because IBM acted in good faith and did not induce, assist, participate in, or engage in, any act or omission that constitutes a violation of ERISA, or that is otherwise unlawful.

**FIFTH DEFENSE**

Danieli's claims are barred because he and the members of the putative collective and class actions that he purports to represent were exempt, under the administrative exemption, professional exemption, computer professional exemption, and/or any other exemption available under federal and/or California law, from the statutory requirements on which such claims are based.

**SIXTH DEFENSE**

IBM has at all times endeavored in good faith to comply with the provisions of the Fair Labor Standards Act ("FLSA"), and applicable state laws, and it had reasonable grounds for believing that it was in compliance therewith.

**SEVENTH DEFENSE**

Some or all of Danieli's claims are barred, in whole or in part, by statutory exclusions, exceptions or credits under the FLSA and/or California law.

**EIGHTH DEFENSE**

Danieli is not entitled to certification under 29 U.S.C. § 216(b) because he is not "similarly situated" to those he purports to represent.

**NINTH DEFENSE**

Danieli is not entitled to class certification because he fails to meet the requirements set forth by Rule 23 of the Federal Rules of Civil Procedure.

### TENTH DEFENSE

Danieli's claims are barred, in whole or in part, because Danieli lacks standing to bring certain claims or seek certain relief.

### ELEVENTH DEFENSE

Danieli's attempts to pursue claims in this lawsuit as a class and/or collective action violate IBM's state and federal constitutional due process and jury trial rights.

### TWELFTH DEFENSE

Danieli's claims are barred, in whole or in part, by the doctrines of unclean hands, waiver, laches and/or estoppel.

### THIRTEENTH DEFENSE

Danieli's claims are barred, in whole or in part, by the doctrines of accord and satisfaction, settlement, and/or payment and release.

### FOURTEENTH DEFENSE

Danieli's claims are barred, in whole or in part, because he failed to exhaust internal and/or administrative remedies.

### FIFTEENTH DEFENSE

Danieli's claims are barred, in whole or in part, by the applicable statutes or other periods of limitations.

### SIXTEENTH DEFENSE

Some or all of Danieli's claims are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

### SEVENTEENTH DEFENSE

Danieli's class state law claims are preempted, in whole or in part, by the FLSA.

**EIGHTEENTH DEFENSE**

Danieli's ERISA claims are barred because they are not ripe for adjudication.

**NINETEENTH DEFENSE**

Even if IBM were found liable for overtime pay, which IBM expressly denies, Danieli and the alleged class and collective action members would be entitled to no more than one-half their regular rate of pay for any overtime hours worked.

**TWENTIETH DEFENSE**

Danieli's claims are barred to the extent IBM acted in good faith in conformity with and in reliance on administrative regulations, orders, rulings, interpretations, practices or enforcement policies.

**TWENTY-FIRST DEFENSE**

Danieli's attempt to pursue punitive damages and/or penalties violates IBM's state and federal constitutional due process and equal protection rights.

**TWENTY-SECOND DEFENSE**

Danieli's claims for waiting time penalties should be denied because there is a good faith dispute as to whether any wages are due.

DLI-6192994v2

Dated: June 24, 2008                    Jones Day


                                        By:  /s/ Craig S. Friedman
                                            Matthew W. Lampe (*pro hac vice*)
                                            mwlampe@jonesday.com
                                            Wendy C. Butler (WB-2539)
                                            wbutler@jonesday.com
                                            Craig S. Friedman (CF-1988)
                                            csfriedman@jonesday.com
                                            222 East 41st Street
                                            New York, New York 10017

                                            Matthew W. Ray (*pro hac vice*)
                                            mwray@jonesday.com
                                            2727 North Harwood Street
                                            Dallas, Texas 75201
                                            (214) 220-3939

                                            Attorneys for Defendant
                                            INTERNATIONAL BUSINESS
                                            MACHINES CORPORATION

DLI-6192994v2

## CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of the foregoing DEFENDANT INTERNATIONAL BUSINESS MACHINES CORPORATION'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT to be served on the following counsel of record this 24th day of June, 2008 by forwarding a copy, by First Class mail, addressed to:

Adam T. Klein, Esq.
Piper Hoffman, Esq.
Tara Lai Quinlan, Esq.
Outten & Golden LLP
3 Park Avenue, 29th Floor
New York, New York 10016

James M. Finberg, Esq.
Eve H. Cervantez, Esq.
Altshuler Berzon LLP
177 Post Street, Suite 300
San Francisco, California 94108

Rachel Geman, Esq.
Lieff, Cabraser, Heimann & Berinstein LLP
780 Third Avenue, 48th Floor
New York, New York 10017

Ira Spiro, Esq.
Sprio Moss Barness Harrison & Barge, LLP
11377 W. Olympic Boulevard, 5th Floor
Los Angeles, California 90064-1625

Kelly M. Dermody, Esq.
Jahan C. Sagafi, Esq.
Lieff, Cabraser, Heimann & Bernstein LLP
275 Battery Street, 30th Floor
San Francisco, California 94111-3339

J. Derek Braziel, Esq.
Lee & Braziel LLP
208 North Market Street
Dallas, Texas 75202

Steven G. Zieff, Esq.
Patrice R. Goldman, Esq.
David A. Lowe, Esq.
Kenneth J. Sugarman, Esq..
Rudy, Exelrod & Zieff LLP
351 California Street, Suite 700
San Francisco, California 94104

Richard Burch, Esq.
Bruckner Burch, PLLC
5847 San Felipe, Suite 3900
Houston, Texas 77057

Todd F. Jackson, Esq.
Lewis, Feinberg, Lee, Renaker & Jackson, P.C.
1330 Broadway, Suite 1800
Oakland, California 94612

David Borgen, Esq.
Goldstein, Demchak, Baller, Borgen & Dardarian
300 Lakeside Drive, Suite 1000
Oakland, California 94612

/s/ Craig S. Friedman
_____
Craig S. Friedman

NYI-4099386v1