James M. Finberg (admitted *pro hac vice*)
Eve H. Cervantez (admitted *pro hac vice*)
Peder J. Thoreen (admitted *pro hac vice*)
ALTSHULER BERZON LLP
177 Post Street, Suite 300
San Francisco, CA  94108
Telephone: (415) 421-7151
Facsimile:  (415) 362-8064
Email:  jfinberg@altber.com
Email:  ecervantez@altber.com
Email:  pthoreen@altber.com

Lead Counsel for Plaintiffs and Class and Collective Action Members
[additional counsel for Plaintiffs and Class and Collective Action Members on signature page]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **MICHAEL DANIELI,** *et al.***, on behalf of themselves and those similarly situated,**<br><br>                **Plaintiffs,**<br><br>   v.<br><br>**INTERNATIONAL BUSINESS MACHINES CORPORATION,**<br><br>                **Defendant.** | 08 CV 3688 (SHS)<br><br>**ECF CASE**<br><br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR APPROVAL OF SERVICE PAYMENTS TO NAMED PLAINTIFFS**<br><br>**Hon. Sidney H. Stein**<br><br>   Hearing Date: March 12, 2010<br><br>   Hearing Time: 10:00 A.M. |

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................... ii

INTRODUCTION ............................................................................................................ 1

FACTUAL STATEMENT ............................................................................................... 2

      A.      The Efforts of the Named Plaintiffs
              Conferred a Benefit on Class Members ....................................................... 2

      B.      The Named Plaintiffs Devoted Considerable
              Time and Effort to this Litigation ............................................................... 2

      C.      The Named Plaintiffs Assumed Possible Risks
              by Serving as Named Plaintiffs ................................................................... 5

ARGUMENT .................................................................................................................... 6

      I.      SERVICE PAYMENTS ARE COMMONLY AWARDED TO NAMED
             PLAINTIFFS TO COMPENSATE THEM FOR SERVICE ON BEHALF
             OF A CLASS AND FOR THE POTENTIAL RISK THEY ASSUME IN
             SUING AN EMPLOYER. ............................................................................ 6

      II.     EACH NAMED PLAINTIFF MADE SIGNIFICANT
             CONTRIBUTIONS TO THE PROSECUTION OF THIS ACTION .......... 7

      III.    THE RISKS ASSUMED BY THE NAMED PLAINTIFFS SUPPORT
             THEIR REQUEST FOR A SERVICE AWARD ........................................ 8

      IV.    THE REQUESTED SERVICE PAYMENTS ARE MODEST IN LIGHT
             OF THE SUCCESS OBTAINED; THE REQUEST AWARDS ARE AT
             THE LOWER END OF AWARDS ISSUES IN THIS DISTRICT, AND
             OTHER DISTRICTS IN THIS CIRCUIT, IN SIMILAR MATTERS ........ 8

CONCLUSION ............................................................................................................... 10

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Aramburu v. Healthcare Financial Services, Inc.*,
   2009 WL 1086938 (E.D.N.Y. 2009) ...........................................................................9

*Bricker v. Planet Hollywood New York, L.P.*,
   2009 WL 2603149 (S.D.N.Y., 2009) ........................................................................8, 9

*Dornberger v. Metropolitan Life Insurance Co.*,
   203 F.R.D. 118 (S.D. N.Y. 2001) ................................................................................9

*Gross v. Washington Mut. Bank, F.A.*,
   2006 WL 318814 (E.D.N.Y. 2006) .............................................................................9

*Fears v. Wilhelmina Model Agency, Inc.*,
   2005 WL 1041134 (S.D.N.Y. May 5, 2005) ...............................................................8

*Frank v. Eastman Kodak Co.*,
   228 F.R.D. 174 (W.D.N.Y. 2005) ........................................................................6, 8, 9

*Mohney v. Shelly's Prime Steak & Stone Crab & Oyster Bar*,
   2009 U.S.Dist. LEXIS 27899 (S.D.N.Y. March 31, 2009) ......................................6, 9

*Reyes v. Buddha Bar-NYC*,
   No. 08 Civ. 2494, 2009 U.S.Dist.
   LEXIS 45277 (S.D.N.Y. May 28, 2009) .................................................................6, 9

*Roberts v. Texaco*,
   979 F.Supp. 185 (S.D.N.Y. 1997) ...........................................................................6, 9

*Wright v. Stern*,
   553 F.Supp.2d 337 (S.D.N.Y. 2008) ...........................................................................9

## FEDERAL STATUTES

29 U.S.C. §216 ....................................................................................................................4

## STATE STATUTES

Cal. Labor Code § § 201 .....................................................................................................4

Cal. Labor Code § § 202 .....................................................................................................4

Cal. Labor Code § § 203 .....................................................................................................4

Cal. Labor Code § § 510 .....................................................................................................4

Cal. Labor Code § § 1194 ...................................................................................................4

**STATE WAGE ORDERS**

Cal. Wage Order No. 4. ........................................................................................................4

**FEDERAL RULES**

Federal Rule of Civil Procedure 54 ....................................................................................5

## **INTRODUCTION**

Class Counsel request that this Court approve of service payments in the amount of $5,000 each to 16 of the 17 Named Plaintiffs (for a total of $80,000), payable from the Settlement Fund, in recognition of their contributions to this case and the risks they took by serving as Named Plaintiffs.[1] Without the considerable efforts of this group and the risks they took by serving as Named Plaintiffs, the settlement in this case would not have been possible.

This matter has been litigated for close to two years in an effort to obtain back overtime pay for 6,611 IBM workers. Without the efforts of Michael Danieli the case would not have been pursued at all. Without the efforts of Named Plaintiffs Jose Silva, Steve March, Terri Golkowski, Bill Jacobs, Joseph Glavan III, Anthony Moore, Sr., Charles Antonelli, David Post, Thomas Ottogalli, Patrick McCambridge, Robert Nulty, James Caldwell, Barbara Luca, Melanie Maruca, and Darryl Habeck, Class Members would not have been able seek compensation for violations of state law other than those of California (represented by Mr. Danieli). Each Named Plaintiff was heavily involved in assisting Class Counsel with the factual investigation of this case. Each reviewed, and made comments on, the First Amended Complaint. Each participated in the settlement process. Some Named Plaintiffs also provided documents, responded to interrogatories, were deposed, and helped Class Counsel respond to summary judgment motions. All Named Plaintiffs took a risk by publicly challenging a powerful employer who controls many of the jobs in their chosen field. As a result of their efforts, and the risks that they took, 6,611 unnamed class members were given an opportunity to benefit from the protections of not only the FLSA, but also state

---

[1] Named Plaintiff Tim Rollins is not applying for a service payment. Mr. Rollins chose not to sign the general release signed by the other Named Plaintiffs. The Settlement Agreement provides that service payments can only be paid to those Named Plaintiffs who sign general releases. Settlement Agreement (Dockt. No. 94-2) at ¶3.3.

wage and hour law.

Defendant IBM does not oppose these requests. Even more importantly, no Class Member has objected to these requests, even though the Notice mailed to Class Members described the service payments to be sought. Declaration of Jonathan Paul with Respect to Claims Administration ("Paul Decl") at ¶¶9, 21, Exh. A at 5.

The service awards requested here are relatively modest, and a small percentage of the settlement. Such service awards to the Named Plaintiffs in this case are reasonable in light of the time and effort each expended in furtherance of the class investigation and settlement and the risks that they endured in order to vindicate their rights and the rights of the absent class members.

## FACTUAL STATEMENT

### A. The Efforts of the Named Plaintiffs Conferred a Benefit on Class Members.

The proposed settlement of $7.5 million provided 6,611 Class Members, Paul Decl. at ¶7, Exh. A at pg 1, the opportunity to obtain a financial recovery without filing suit themselves.  All they had to do was to submit a claim form. Approximately 3,335 of them availed themselves of the opportunity. Paul Decl. at ¶13**.** Assuming that the Court approves the fee, costs, and service payments requested, the average payment to persons who submitted claim forms will be almost $1,500.[2]

### B. The Named Plaintiffs Devoted Considerable Time and Effort to this Litigation.

Michael Danieli was the Named Plaintiff on the original complaint.  Before that

---

[2] That number is computed as follows: If the Court approves the $2,250,000 in fees and approximately $150,000 in costs requested, the $80,000 in service payment requested, and the cost of claims administration is $80,000 (as capped in the contract with the Claims Administrator), then the Net Settlement Fund will be $4,940,000. That number divided by 3,335, the approximate number of timely claims submitted, Paul Decl. at ¶13, is approximately $1,481.26.

2

complaint's filing, Mr. Danieli communicated with Class Counsel regarding the factual allegations of the complaint, provided documents to Class Counsel regarding IBM's misclassification of him and others in his position code, provided Class Counsel with factual information regarding his experiences (and that of others) at IBM, and reviewed and approved the Complaint.  Danieli Dec. ¶¶3, 7.

Named Plaintiff Silva also communicated with Class Counsel early on regarding his experience at IBM. He provided and reviewed documents.  Mr. Silva filed a case against IBM that he voluntarily dismissed in light of the *Danieli* case, and he spent many hours helping Class Counsel gather information that was later used to assist in this case.  Silva Dec. ¶¶2-5.

In February of 2009, the Complaint in the *Danieli* action was amended to add as Named Plaintiffs not only Jose Silva, but also Steve March, Terri Golkowski, Bill Jacobs, Joseph Glavan III, Anthony Moore, Sr., Charles Antonelli, David Post, Thomas Ottogalli, Patrick McCambridge, Robert Nulty, James Caldwell, Barbara Luca, Timothy Rollins, Melanie Maruca, and Darryl Habeck.  These Named Plaintiffs, like Mr. Danieli and Mr. Silva, contributed significant time and effort to the case. Declaration of James M. Finberg in Support of Motion for Service Payments for Named Plaintiffs ("Finberg Service Payment Decl.") at ¶¶3-6.

Before the filing of the First Amended Complaint, each of the Named Plaintiffs had extensive communications with Class Counsel. They provided Class Counsel with first-hand personal knowledge of their job duties and responsibilities and IBM's uniform treatment of them and their fellow co-workers.  *Id.*  ¶3(a).  Each of them was interviewed extensively by Class Counsel. In addition to their initial extensive interview, each Named Plaintiff also spent additional time on the phone with Class Counsel confirming their job duties, clarifying information from earlier interviews, and discussing the role of a Named Plaintiff.  *Id.*  ¶3(b); Safagi Decl. ¶¶4, 6; Glavan Decl. ¶4(a).  In many cases, the Named Plaintiffs were called back repeatedly with more questions as the First Amended Complaint was finalized.  Finberg

3

Service Payment Decl.. ¶3(b).  Some Named Plaintiffs talked to other class members to help Class Counsel gather additional information.  Danieli Decl. ¶7.  Each named Plaintiff reviewed and approved the First Amended Complaint.  Finberg Service Payment Decl. ¶3(b); Danieli Decl. ¶3; Silva Decl. ¶8; Glavan Decl. ¶4(a).

Some of the Named Plaintiffs also helped this case in other ways as well.  Michael Danieli, Joseph Glavan III, and Patrick McCambridge, were deposed by defendant IBM.  Each of those three Named Plaintiffs spent substantial time speaking with Class Counsel on the telephone in preparation for their deposition, and each met with Class Counsel in person for several hours to prepare for his deposition. Danieli Decl. ¶4; Glavan Decl. ¶4(b); Safagi Decl. ¶6; Finberg Service Payment Decl.. ¶4(a).  Each also spent a day being deposed: Finberg Service Payment Decl.. ¶4(a); Danieli Decl. ¶4; Safagi Decl. ¶6, Glavan Decl. ¶4(b).

Named Plaintiffs Caldwell, March, and Nulty provided declarations supporting the designation of the FLSA claim in matter as a collective action. The preparation of those declarations involved time to discuss, review, revise and approve the final declaration. Finberg Service Payment Decl.. ¶4(b). Plaintiff Danieli, who was subject to a Motion for Summary Judgment by IBM, also assisted Class Counsel in preparing the opposition to defendant's Motion, including reviewing IBM's contentions and preparing a declaration in response.  Finberg Service Payment Decl.. ¶4(c); Danieli Decl. ¶5.

All of the Class Representatives contributed to the case by making state wage-and-hour claims possible for thousands of class members.  The state wage-and-hour claims were important to the case for two reasons. First, absent the Named Plaintiffs and the state law claims, Class Members' wage-and-hour claims would have been limited to FLSA; FLSA is less protective than many state laws. *See, e.g.,* Cal. Labor Code § § 510, 1194, 201, 202, 203; Cal. wage order No. 4.  Second, state law claims that are *opt-out* can reach more class members than FLSA claims, which are opt-in, and thus require affirmative action by class members who wish to participate.  *See* 29 U.S.C. §216(b).

All of the Class Representatives were also involved in the mediation process. They

4

communicated with Class Counsel about the mediation prior to the mediation. Finberg Service Payment Decl.. ¶5. Named Plaintiff Danieli attended the mediation session in person. Danieli Decl. at ¶6. Other Plaintiffs communicated with Class Counsel by email during the mediation session Finberg Service Payment Decl.. ¶5. After the mediation, Class Counsel communicated with the Named Plaintiffs about the settlement process. Finberg Service Payment Decl.. ¶6.

All Class Members have been informed, through the Court-approved Notice of Proposed Settlement of Class Action Lawsuit and Fairness Hearing, that service payments, in the amount of $5,000, would be sought on behalf of each of the Named Plaintiffs:

> Payments to Class Representatives: If the Court approves such payments, each of the 17 Class Representatives will receive $5,000 each (for a total of $85,000). These payments are made because these Class Representatives provided service to the Class by helping Class Counsel to formulate claims and/or providing deposition testimony. The payments outlined in this paragraph are separate from and in addition to the shares of the settlement fund that these Class Representatives may be eligible to receive as Class Members.

Paul Decl. ¶9, Exh. A at 5.

No Class Member has objected to paying the Named Plaintiffs $5,000 each for the important and significant services they rendered to the class. Paul Decl. at ¶21.[3]

### C. The Named Plaintiffs Assumed Possible Risks by Serving as Named Plaintiffs.

The Named Plaintiffs assumed a substantial amount of risk by serving as Class Members. If IBM had prevailed in this case, the Named Plaintiffs would at least arguably have been liable for at least some portion of IBM's costs, pursuant to Federal Rule of Civil Procedure 54(c). The Named Plaintiffs also risked possible retaliation by their employers. Named Plaintiff Danieli was still employed by IBM when the original Complaint was filed.

---

[3] The total amount sought in this motion ($80,000) is $5,000 less than the amount put forth in the Notice, since Named Plaintiff Rollins has chosen not to request such a payment.

*See* Complaint ¶6. Similarly, Named Plaintiffs Habeck, Luca, March, Maruca, McCambridge, Nulty, Ottogalli, Post, Rollins, and Silva were employed by IBM when the First Amended Complaint was filed. First Amended Complaint ¶¶ 31, 28, 17, 30, 25, 26, 24, 23, 16, respectively. For these current employees of IBM, becoming a Named Plaintiff meant publicly announcing that they believed their employer had wronged them. The risk of employer retaliation extended even to Named Plaintiffs Golkowski, Jacobs, Glavan, Moore, Antonelli, and Caldwell, who had left IBM prior to the filing of the First Amended Complaint. *See* First Amended Complaint ¶¶ 18-22, 27. Because the type of technical work that these individuals do is controlled by a handful of employers, many of which have relationships with IBM, even former IBM employees risked being branded in the industry as troublemakers for their participation in the IBM lawsuit. Danieli Decl. ¶8; Glavan Dec. ¶¶2-3.

**ARGUMENT**

I.  **SERVICE PAYMENTS ARE COMMONLY AWARDED TO NAMED PLAINTIFFS TO COMPENSATE THEM FOR SERVICE ON BEHALF OF A CLASS AND FOR THE POTENTIAL RISK THEY ASSUME IN SUING AN EMPLOYER.**

"[S]ervice awards are common in class action cases and are important to compensate plaintiffs for the time and effort expended in assisting in the prosecution of the litigation, the risks incurred by becoming and continuing as a litigant, and any other burdens sustained by the plaintiff." *Mohney v. Shelly's Prime Steak & Stone Crab & Oyster Bar*, 2009 U.S. Dist. LEXIS 27899 at *18 (S.D.N.Y. March 31, 2009) (Croty, J); *Reyes v. Buddha-Bar*, 2009 U.S. Dist. LEXIS 45277 at * 13 (S.D.N.Y. May 28, 2009) (Freeman, M. J.); see *Roberts v. Texaco, Inc.* 979 F. Supp 185, 200-01(S.D.N.Y. 1997) (Brieant, J.). Service payments to named plaintiffs "are within the discretion of the court." *Frank v. Eastman Kodak Co.*, 228 F.R.D. 174, 187 (W.D.N.Y. 2005). The award of modest service payments is appropriate in this case to recognize the time and effort Named Plaintiffs have expended on behalf of the

6

Class, as well as the risks they incurred during the course of this litigation. IBM does not oppose these service payments requested here. No Class Member has objected to these service payments. Paul Decl. at ¶21. Given the contributions of the Named Plaintiffs, the risks they took, the benefit the conferred on others, and the modest amount they are requesting, this Court should award the $5,000 service payments requested to the 16 Named Plaintiffs requesting those payments.

## II. EACH NAMED PLAINTIFF MADE SIGNIFICANT CONTRIBUTIONS TO THE PROSECUTION OF THIS ACTION.

As set forth in the accompanying declarations of Named Plaintiffs Danieli, Silva, and Glavan, and attorneys Jim Finberg and Jahan Safagi, each of the Named Plaintiffs contributed to the successful resolution of this action. They spent many hours consulting with and assisting counsel, providing Class Counsel with relevant information. Finberg Service Payment Decl.. at ¶¶3-6.

Before the filing of the first complaint, Michael Danieli, who was the Named Plaintiff on the initial Complaint, and Jose Silva, who had filed a similar case, assisted Class Counsel's preliminary investigation of the claims of misclassification and failure to pay overtime; they provided important information to Class Counsel about the job duties of Class Members. Before the filing of the First Amended Complaint, the other Named Plaintiffs also provided Class Counsel with important information and reviewed the First Amended Complaint.

The Named Plaintiffs who joined the First Amended Complaint allowed entire groups of colleagues in the Named Plaintiffs' home states to pursue state law claims that otherwise were not available to them. Three of the sixteen Named Plaintiffs seeking service awards were deposed. Finberg Service Payment Decl. at ¶4(a). Others provided Declarations. Id. at ¶4(b). All participated in the settlement process. Id. at ¶¶5-7.

7

### III. THE RISKS ASSUMED BY THE NAMED PLAINTIFFS SUPPORT THEIR REQUEST FOR A SERVICE AWARD.

"The amount of the incentive award is related to the personal risk incurred by the individual or any additional effort expended by the individual for the benefit of the lawsuit." *Bricker v. Planet Hollywood New York, L.P.*, 2009 WL 2603149, at *2 (S.D.N.Y., 2009) (quoting *Fears v. Wilhelmina Model Agency, Inc.,* 2005 WL 1041134, at *3 (S.D.N.Y. May 5, 2005)) (approving service payments of $7,500 and $5,000 in FLSA settlement where named plaintiffs "reviewed documents, met with counsel on numerous occasions, and spoke to current and former employees about the case").

Service payments are "particularly appropriate in the employment context." *Frank*, 228 F.R.D. at 187. When, as here, Named Plaintiffs are "former or current employee[s] of the defendant, . . . by lending [their] name to the litigation, [they have], for the benefit of the class[es] as a whole, undertaken the risk of adverse actions by the employer or co-workers." *Id.* Even where there is not a record of actual retaliation, class representatives merit recognition for assuming the risk of retaliation for the sake of absent class members. *See Frank*, 228 F.R.D. at 187-88 ("Although this Court has no reason to believe that Kodak has or will take retaliatory action towards either Frank or any of the plaintiffs in this case, the fear of adverse consequences or lost opportunities cannot be dismissed as insincere or unfounded.").

### IV. THE REQUESTED SERVICE PAYMENTS ARE MODEST IN LIGHT OF THE SUCCESS OBTAINED; THE REQUEST AWARDS ARE AT THE LOWER END OF AWARDS ISSUED IN THIS DISTRICT, AND OTHER DISTRICTS IN THIS CIRCUIT, IN SIMILAR MATTERS.

Without the efforts of the Class Representatives, this case on behalf of the Class Members would not have been brought and this settlement would not have been achieved. The requested service payments are relatively modest. Class Members have recognized the appropriateness of the requested awards. No Class Member has objected to the requested service payments, which were expressly disclosed to the Class through the Class Notice. Paul

Decl. at ¶21. Notice at 8-9; *see, e.g., Aramburu v. Healthcare Financial Services, Inc.*, 2009 WL 1086938, at *5 (E.D.N.Y. 2009) (approving service payment where no objections were made after Notice of the payments and award was within range of those found reasonable in similar cases).

The service payments requested by the Class Representatives are reasonable in light of the ultimate recovery reached through the settlement. *See, e.g., Reyes*, 2009 U.S. Dist. LEXIS 45277, at *13-14 (awarding payments of $7,500 to 3 named plaintiffs from $710,000 fund in tip misappropriation settlement); *Mohney*, 2009 U.S. Dist. LEXIS 27899, at *18-19 (awarding service payments of $6,000 to 14 named plaintiffs from $3.265 million fund in tip misappropriation case); *Bricker*, 2009 WL 2603149, at *2 (approving service payments of $7,500 and $5,000 in FLSA settlement); *Gross v. Washington Mut. Bank, F.A.*, 2006 WL 318814, at *6 (E.D.N.Y. 2006) (approving incentive service payment of $5,000); *Dornberger v. Metropolitan Life Ins. Co.*, 203 F.R.D. 118, 125 (S.D. N.Y. 2001) (noting case law supports payments of between $2,500 and $85,000 to representative plaintiffs in class actions). Courts have awarded incentive payments in employment class actions in amounts far greater than those contemplated here. *See, e.g., Wright v. Stern*, 553 F. Supp. 2d 337, 342 (S.D.N.Y. 2008) (approving $50,000 awards to each of 11 named plaintiffs in employment discrimination action); *Roberts*, 979 F. Supp. at 200, (approving $50,000 and $85,000 to two of the named plaintiffs in race discrimination employment class action).

The service payments are also reasonable in light of the total size of the settlement. In this case, all of the proposed payments together for the 16 Named Plaintiffs represent only approximately 1% of the total Settlement, an amount much less than that awarded in this District in similar matters. See *Reyes*, 2009 U.S. Dist. LEXIS 45277, at *13-14 (awarding payments that represented approximately 3.2% of the total fund in tip misappropriation case); *Mohney*, 2009 U.S. Dist. LEXIS 27899, at *18-19 (awarding payments representing approximately 2.6% of the settlement fund in tip misappropriation case); *see also, Frank*, 228 F.R.D. at 187 (approving award of approximately 8.4% of the settlement fund for named

9

plaintiff in wage and hour case).

## CONCLUSION

For the reasons set forth above, Plaintiffs respectfully request that the Court grant Class Counsel's Motion for Approval of Service Payments, and enter an Order awarding Service Payments in the amount of $5,000 each to the 16 Named Plaintiffs seeking such an award.

Dated: February 24, 2010   Respectfully submitted,

By:   /s/ James M. Finberg
         James M. Finberg

James M. Finberg (admitted *pro hac vice*)
Eve Cervantez (admitted *pro hac vice*)
Peder Thoreen (admitted *pro hac vice*)
ALTSHULER BERZON, LLP
177 Post Street, Suite 300
San Francisco, California 94108
Telephone: (415) 421-7151
Facsimile: (415) 362-8064
Email: jfinberg@altber.com
Email: ecervantez@altber.com
Email: pthoreen@altber.com

*Lead Counsel for Plaintiffs and Class and Collective Action Members*

Adam T. Klein (AK 3293)
Justin M. Swartz (JS 7989)
OUTTEN & GOLDEN LLP
3 Park Ave., 29th Floor
New York, NY 10016
Telephone: (212) 245-1000
Facsimile: (212) 977-4005
Email: atk@outtengolden.com
Email: jms@outtengolden.com
Email: tlq@outtengolden.com

Rachel Geman (RG 0998)
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
250 Hudson Street, 8th Floor New York, NY
10013
Telephone: (212) 355-9500
Facsimile: (212) 355-9592
Email: rgeman@lchb.com

Kelly M. Dermody (admitted *pro hac vice*)
Jahan C. Sagafi (admitted *pro hac vice*)
LIEFF, CABRASER, HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 30th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
Email: kdermody@lchb.com
Email: jsagafi@lchb.com

Todd F. Jackson (admitted *pro hac vice*)
LEWIS FEINBERG LEE RENAKER &
JACKSON, P.C.
1330 Broadway, Suite 1800
Oakland, CA 94612
Telephone: (510) 839-6824
Facsimile: (510) 839-7839
Email: tjackson@lewisfeinberg.com

Steven G. Zieff (admitted *pro hac vice*)
David A. Lowe (admitted *pro hac vice*)
Patrice L. Goldman (admitted *pro hac vice*)
Kenneth J. Sugarman (admitted *pro hac vice*)
John T. Mullan (admitted *pro hac vice*)
RUDY EXELROD ZIEFF & LOWE, LLP
351 California Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 434-9800
Facsimile: (415) 434-0513
Email: sgz@rezlaw.com
Email: dal@rezlaw.com
Email: plg@rezlaw.com
Email: kjs@rezlaw.com
Email: jtm@rezlaw.com

Ira Spiro (SBN 67641)
SPIRO MOSS, LLP
11377 W. Olympic Blvd., Fl. 5
Los Angeles, CA 90064-1625
Telephone: (310) 235-2468
Facsimile: (310) 235-2456
Email: ispiro@smbhblaw.com

J. Derek Braziel (admitted pro hac vice)
LEE & BRAZIEL, LLP
208 N. Market Street
Dallas, TX 75202
Telephone: (214) 749-1400
Facsimile: (214) 749-1010
Email: jdbraziel@l-b-law.com

Richard Burch (24001807 [TX])
BRUCKNER BURCH, PLLC
1415 Louisiana Avenue, Suite 7175
Houston, TX 77002
Telephone: (713) 877-8788
Facsimile: (713) 877-8065
Email: rburch@brucknerburch.com

David Borgen (admitted pro hac vice)
GOLDSTEIN, DEMCHAK, BALLER, BORGEN
& DARDARIAN
300 Lakeside Drive, Suite 1000
Oakland, CA 94612
Telephone: (510) 763-9800
Facsimile: (510) 835-1417
Email: borgen@gdblegal.com

Michael Singer
COHELAN KHOURY & SINGER
605 C Street, Suite 200
San Diego, CA 92101
Phone: (619) 595-3001
Fax: (619) 595-3000
E-mail: msinger@ck-lawfirm.com

Daniel Palay
PALAY LAW FIRM
1484 East Main Street
Ventura, CA 93001
Telephone: (805) 641-6600
Facsimile: (805) 641-6607
E-mail: djp@palaylaw.com

12

Douglas Werman
WERMAN LAW OFFICE, P.C.
77 West Washington, Suite 1402
Chicago, IL 60602
Telephone: (312) 419-1008
Fax: (312) 419-1025
dwerman@flsalaw.com

*Attorneys for Plaintiffs and the
Class and Collective Action Members*

13